**Reverse and Remand; Opinion Filed July 3, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00934-CV

### MERITAGE HOMES, Appellant
### V.
### PARSHANT MUDDA & SHURTI MUDDA, Appellees

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-10852**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant Meritage Homes appeals from the trial court's denial of its plea in abatement and motion to compel arbitration. We reverse and remand for proceedings consistent with this opinion. Because the issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Meritage Homes, a home-building company, built a home located at 2016 Lawndale in Irving, Texas (the "residence"). In 2006, Meritage Homes sold the residence to James and Norma Madison and provided them with its Home Builder's Limited Warranty ("Limited Warranty"). The Limited Warranty contains the following relevant provisions:

1. Defines "homeowner" as the first person to whom a home is sold or for whom a home is constructed as well as "such person's(s') successors in title to the HOME".

2. Establishes the procedures the homeowner must use to notify Meritage Homes of a construction defect and how it is determined when a construction defect exists.

3. Describes that any disputes between the homeowner and Meritage Homes relating to or arising from the Limited Warranty, the design or construction of the home, or the sale of the home will be resolved by binding arbitration.

The transfer of the home to subsequent homeowners is specifically addressed in section 9 of the Limited Warranty entitled "General Conditions" and which states as follows:

> This LIMITED WARRANTY will transfer to new owners of the HOME for the remainder of the WARRANTY PERIOD. YOU agree to provide this LIMITED WARRANTY to any subsequent purchaser of the HOME as a part of the contract of sale of the HOME. OUR duties under this LIMITED WARRANTY to the new HOMEOWNER will not exceed the limit of liability then remaining, if any.

In 2013, the Madisons subsequently sold the residence to appellees Parshant Mudda and Shurti Mudda. The Muddas hired a realtor, Swapnil Sharma, to assist them with the purchase of the residence and to ensure that the residence was properly transferred to them. Sharma advised the Muddas that the residence had foundation issues which needed repairs and a third party was hired to address the foundation issue.

In 2014, the Muddas notified Meritage Homes of construction defects involving the foundation at the residence. Meritage Homes inspected the home and advised the Muddas that their "records indicate that the former owner had structural modifications performed at this address" and that this previous repair work which was performed by someone other than Meritage Homes "could potentially void any warranty coverage offered by Meritage Homes."

In 2017, the Muddas filed a lawsuit against Meritage Homes, the Madisons, Sharma, and Sharma's broker. In regard to Meritage Homes, the Muddas asserted claims for negligent misrepresentation, intentional misrepresentation, breach of contract, and common law fraud. Meritage Homes moved to compel arbitration of the Muddas' claims against it and to abate the

lawsuit. A hearing on the motion to compel was held on July 9, 2018, and the trial court expressed concern that the Muddas were not signatories to the contract. Following the hearing, the trial court denied the motion and Meritage Homes timely filed this accelerated appeal.

## ANALYSIS

### A. Motion to Compel Arbitration

#### i) Standard of review

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "When reviewing a denial of a motion to compel arbitration, we defer to the trial court's factual determinations that are supported by evidence but review the trial court's legal determinations de novo." *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).

#### ii) Analysis

In its first issue, Meritage Homes asserts that the trial court erred in denying its motion to compel arbitration. We agree.

The arbitration provision in the Limited Warranty in this case is governed by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 1-16. Generally, a party seeking to compel arbitration under the FAA must establish: (1) there is a valid arbitration agreement; and (2) the asserted claims are with the agreement's scope. *In re Kellogg Brown & Root*, *Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). Doubts regarding an agreement's scope are resolved in favor of arbitration because there is a presumption favoring agreements to arbitrate under the FAA. *Id.* However, this presumption only arises after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *Id.* Once the trial court concludes that the arbitration agreement encompasses the claims, and that the party opposing arbitration has failed to prove its defenses, the trial court

has no discretion but to compel arbitration and stay its own proceedings. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001).

Here, the parties do not contest that the Limited Warranty contains a valid arbitration provision. Therefore, we turn to whether the claims are within the agreement's scope. The Limited Warranty states that the following disputes are subject to binding arbitration:

> Any disputes between YOU and US, or parties acting on OUR behalf, including PWC, related to or arising from this LIMITED WARRANTY, the design or construction of the HOME or the COMMON ELEMENTS or the sale of the HOME or transfer of title to the COMMON ELEMENTS will be resolved by binding arbitration.

The arbitration provision goes on to give specific examples of what types of disputes would be included, such as: (1) any disagreement that a condition in the residence is a construction defect and is covered by the Limited Warranty; (2) any disagreement as to whether a construction defect has been corrected in compliance with the Limited Warranty; (3) any alleged breach of the Limited Warranty; (4) any allegation of negligence, strict liability, fraud, and/or breach of duty of good faith, and any other claim arising in equity or from common law; and (5) any dispute as to whether the Limited Warranty is unenforceable. As set forth below, each claim asserted by the Muddas against Meritage Homes falls within the broad scope of the arbitration provision in the Limited Warranty:

> Negligent and Intentional Misrepresentation: These claims allege that Meritage Homes was supposed to inform the Muddas how the "alleged usage of a third party had voided the warranty" and also allege that Meritage Homes "misrepresented the status of the warranty as applied to the Plaintiffs."

> Breach of Contract: This claim involves the allegation that "Meritage Homes was supposed to inform the Plaintiff's [sic] exactly how the alleged usage of a third party had voided the warranty, they refused to do so, forcing the Plaintiff's [sic] to come to court. In the absence of any voidance, Meritage had the obligation to fix any issues that were foundational, but they refused to do just that."

> Common Law Fraud: This claim is based on the allegation that Meritage Homes "misrepresented the status of the warranty to the Plaintiffs."

Respondeat Superior: This claim alleges that the Muddas have the "benefit of their warranties but have been deprived of them by Meritage Home's acts of fraud by and through its agent."

Accordingly, we conclude that the Mudda's claims against Meritage Homes fall within the scope of the Limited Warranty's arbitration provision.

As such, we now turn to whether the Muddas, as non-signatories to the Limited Warranty, can be bound by the arbitration provision. Federal and Texas state courts have recognized that, under certain circumstances, principles of contract law and agency may bind a non-signatory to an arbitration agreement. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 738. Under one such exception, known as direct-benefits estoppel, a non-signatory plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes. *Id.* at 739. Here, we are presented with facts requiring application of the exception because the Muddas are seeking benefits under the Limited Warranty while simultaneously attempting to avoid its arbitration provision. A litigant who sues based on a contract subjects himself or herself to the contract's terms. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d at 755. "A nonparty cannot both have his contract and defeat it too." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 135 (Tex. 2005). For these reasons, the trial court abused its discretion in denying Meritage Home's motion to compel arbitration and we sustain Meritage Home's first issue.

**B.  Plea in Abatement**

**i)  Standard of review**

An appellate court reviews a trial court's action in granting or denying a plea in abatement using an abuse of discretion standard. *See Lagow v. Hamon*, 384 S.W.3d 411, 415 (Tex. App.— Dallas 2012, no pet.). The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without any reference to any guiding rules or principles. *Id.*

### ii)    Analysis

In its second issue, Meritage Homes asserts that the trial court erred in denying its plea in abatement.  In this case, the litigation involves parties who are not subject to the arbitration provision such as the realtor and her agent.  In cases where some parties are subject to an arbitration provision and some are not, the Texas Supreme Court has held that "when an issue is pending in both arbitration and litigation . . . arbitration should be given priority to the extent it is likely to resolve issues material to [the] lawsuit." *In re Merrill Lynch & Co., Inc.*, 315 S.W.3d 888, 891 (Tex. 2010) (per curiam) (internal citations omitted).  As we stated above, the issues between Meritage Homes and the Muddas are subject to arbitration, including the issue of whether the Limited Warranty is void.  This determination may affect the determination of whether the realtor and the broker are liable to the Muddas.  Accordingly, we conclude that the litigation should be abated pending the completion of the arbitration and we sustain Meritage Home's second issue.

### CONCLUSION

For these reasons, we agree that the trial court abused its discretion in denying its motion to compel and plea in abatement.  We, therefore, reverse and remand the case to the trial court for further proceedings.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190834F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MERITAGE HOMES, Appellant

No. 05-18-00934-CV          V.

PARSHANT MUDDA & SHURTI
MUDDA, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-10852.
Opinion delivered by Justice Partida-
Kipness. Justices Whitehill and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MERITAGE HOMES recover its costs of this appeal from appellees PARSHANT MUDDA & SHURTI MUDDA.

Judgment entered this 3rd day of July, 2019.